UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DALLAS R. DELAY, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:05CV02312 ERW ) |
| DON ROPER, | ) ) |
| Respondent. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon petitioner Dallas R. Delay's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## The petition

Petitioner, an inmate at the Potosi Correctional Center, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 against respondent Don Roper. Petitioner alleges that he is being held in custody of defendant in violation of the Fourteenth Amendment to the United States Constitution because the parole board refused to consider, during each parole hearing, petitioner's parole release under the parole laws in effect during the underlying offense. Petitioner seeks, *inter alia*, immediate release to his federal detainer.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

---

[1] The Court's records reflect that petitioner paid the $5.00 filing fee to initiate a habeas corpus action on December 9, 2005.

The due process clause of the Fifth Amendment, made applicable to the states by the Fourteenth Amendment, protects, from arbitrary or capricious deprivation, those facets of an inmate's existence that qualify as "liberty interests." *See Harper v. Young,* 64 F.3d 563, 564 (10th Cir. 1995). There is no inherent constitutional right to be released on parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). A state, however, may create a liberty interest in parole. *See Board of Pardons v. Allen*, 482 U.S. 369 (1987).

The current Missouri parole statutes give the parole board almost unlimited discretion to make parole determinations, *see* Mo. Rev. Stat. §§ 217.655, 217.690, and, therefore, do not create a liberty interest protected by due process. *See, e.g., Greenholtz,* 442 U.S. at 7-8. Because there is no liberty interest in parole, the procedures utilized by the parole board are not required to comport with the standards of fundamental fairness. *See O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (holding that it is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds"). Accordingly, petitioner's claim under the due process clause fails.

Petitioner alleges that the parole board did not consider his parole release under the parole laws in effect during the underlying offense, which is, in essence, a challenge under the *ex post facto* clause. However, the majority of the federal circuits have held that parole guidelines are not laws for purposes of the *ex post facto* clause. *Wallace v. Christensen*, 802 F.2d 1539, 1553 (9th Cir. 1986) (collecting cases). Moreover, petitioner has alleged nothing that would indicate that changes in parole guidelines "changed the punishment, and inflicted a greater punishment, than the law annexed to the crime, when committed." *Lupien v. Clarke*, 403 F.3d 615, 618-19 (8th Cir. 2005)

(quoting *Calder v. Bull,* 3 Dall. 386, 390 (1798) (further citation omitted)). As stated above, petitioner has no liberty interest in being paroled to his federal detainer. Thus, his punishment is not changed, and no greater punishment is inflicted than was originally "annexed to the crime, when committed." *See id.* Accordingly, petitioner's claim under the *ex post facto* clause fails.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's petition for a writ of habeas corpus be **DENIED,** without prejudice.

An appropriate order shall accompany this order and memorandum.

So Ordered this 11th Day of January, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**